IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CINCINNATI SPECIALTY
UNDERWRITING PRODUCER
RESOURCES, INC.,

      Plaintiff,

            v.

EVANSTON INSURANCE COMPANY,
BERGER-BRIGGS REAL ESTATE &
INSURANCE, INC.

      Defendant.

No. 1:23-CV-00287-WJ-KRS

### MEMORANDUM OPINION AND ORDER REMANDING CASE BASED ON *BRILLHART/MHOON* ABSTENTION DOCTRINE

This matter comes before the Court on Plaintiff's Motion to Remand and Memorandum in Support Thereof, filed April 26, 2023. **Doc. 11**. After a thorough examination of the parties' pleadings and the relevant case law, the Court finds Plaintiff's request for remand well-taken. Plaintiff's request for remand is therefore **GRANTED** and this case shall be remanded to New Mexico's Thirteenth Judicial District Court.

### BACKGROUND

This is an insurance coverage dispute between an insurer and an alleged insured. In the underlying state court action, Edwin Wilson sued Berger-Briggs, Cincinnati Specialty Underwriting Producer Resources ("CSUPR"), and Cincinnati Specialty Underwriters Insurance Company ("CSU") to recover on a judgement he obtained against Improved Benevolent Protective Order of the Elks of the World of Albuquerque Navajo Lodge #863 (the "Lodge") after being shot

1

at the Lodge on February 4, 2015. CSU insured the Lodge through a policy procured by its agent Berger-Briggs and issued through CSU's wholesale broker, CSUPR.

Mr. Wilson's claims are based on alleged economic loss due to the alleged failure of the Cincinnati Specialty Underwriter Policy #AB401520 to cover the bodily injury claims by Mr. Wilson arising from the shooting at the Lodge. **Doc. 11, Ex. B**. Mr. Wilson also has specific allegations against CSUPR, including claims of negligent failure to obtain insurance, joint liability with Berger-Briggs and CSU, and vicarious liability as the principal for the negligent actions of its agent, Berger-Briggs. *Id.* About a month after Mr. Wilson filed his lawsuit, CSUPR initiated a state declaratory action against Evanston Insurance Company and Berger-Briggs pursuant to the New Mexico Declaratory Judgment Act. In this separate action, CSUPR sought a declaration of its rights for defense and indemnity under the New Mexico Declaratory Judgment Act. *See Cincinnati Specialty Underwriting Producer Resources, Inc. v. Evanston Insurance Company and Berger-Briggs Real Estate & Insurance, Inc*., cause no. D-1329-CV-2023-00288.

At issue in CSUPR's declaratory action is whether Plaintiff qualifies as an insured under the Insurance Agents and Brokerage Errors and Omissions Liability Insurance Policy, Policy AB401258, (the "Evanston Policy") issued by Evanston to Berger-Briggs. **Doc. 3**.

On March 22, 2023, CSUPR served counsel for Evanston and counsel for Berger-Briggs with an unfiled copy of a motion to consolidate the declaratory action with Mr. Wilson's underlying state action. **Doc. 11, Ex. K**. Thereafter, Evanston Insurance removed the declaratory action to this federal court without responding to CSUPR. **Doc. 1**.

Two days after Evanston removed the declaratory judgment action to federal court, CSUPR filed a Second Amended Complaint. **Doc. 6**. CSUPR never sought Evanston's agreement or leave from the Court to file the Second Amended Complaint.[1]

## DISCUSSION

CSUPR, the alleged insured and Plaintiff, filed the instant motion seeking remand to New Mexico's Thirteenth Judicial District along with attorney's fees and costs. **Doc. 11.** The request for remand is based on two grounds. First, Plaintiff requests remand because the presence of a New Mexico resident, Berger-Briggs, renders Evanston's removal a violation of the forum-defendant rule under 28 U.S.C. § 1441(b)(2). Second, Plaintiff requests remand based on the *Brillhart/Mhoon* abstention doctrine. Evanston, the insurer and Defendant, answers that Berger-Briggs is a nominal party, and thus, there is no violation of the forum-defendant rule. Defendant further asserts that the *Brillhart/Mhoon* factors weigh against abstention. **Doc. 21**. The Court does not address the parties' forum-defendant rule arguments but rather finds that abstention under the *Brillhart/Mhoon* doctrine is appropriate since the state court is in the best position to effectively and cohesively resolve Plaintiff's defense and indemnity claims. ***Id.***

### I.     Relevant Law:

The Declaratory Judgment Act (the "DJA") vests federal district courts with the authority to issue declaration of rights. 22 U.S.C. § 2201. However, district courts have wide discretion in deciding whether to exercise this authority. *See Brillhart v. Excess Ins. Co*. 316 U.S. 491, 494 (1942) (clarifying that district courts are "under no compulsion to exercise . . . jurisdiction" under the DJA). In *Brillhart*, the Supreme Court explained that when district courts are faced with a DJA

---

[1] Because CSUPR did not seek consent or a court order, for purposes of the factual background and analysis in this Memorandum Opinion and Order, the Court uses the allegations of Plaintiff's Amended Complaint, rather than the Second Amended Complaint. See Fed. R. Civ. P. 15(a)(2).

3

claim where there is an underlying state action, a key consideration is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* at 495. In other words, district courts must always ask whether the lawsuit can be better settled in the underlying state court action.

In deciding whether to hear a declaratory judgment action, a court considers various factors, including:

> (1) whether a declaratory judgment would settle the action;
> (2) whether a declaratory action would serve a useful purpose in clarifying legal relations
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";
> (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction;
> (5) whether there is an alternative remedy which is better or more effective.

*St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

    II.    **For purposes of its analysis the Court notes the following relevant policy sections from the Evanston Policy:**

**Errors and Omissions Coverage:**

The Company shall pay on behalf of the Insured all sums in excess of the Deductible stated in Item 5.a. and 5.b. of the Declarations which the Insured shall become legally obligated to pay as Damages as a result of a Claim first made against the Insured and reported to the Company during the Policy Period, Automatic Extended Reporting Period, or Optional Extended Reporting Period, if exercised, by reason of a Wrongful Act or Personal Injury in the performance of Professional Services rendered or that should have been rendered by the Insured or by any other person or organization for whose Wrongful Act or Personal Injury the Insured is legally responsible, provided the Wrongful Act or Personal Injury happens during the Policy Period or on or after the Retroactive Date stated in Item 6. of the Declarations and before the end of the Policy Period.

**Doc. 3, Ex. A at 14.**

**Professional Services** means the following services rendered for others:

1. Insurance Wholesaler;
2. Insurance Managing General Agent;
3. Insurance General Agent;
4. Insurance Underwriting Manager;
5. Insurance Program Administrator;
6. Insurance Agent;
7. Insurance Broker;
8. Insurance Surplus Lines Broker;
9. Insurance Consultant;

*Id.* at 17.

**Insured** either in the singular or plural means:

1. the Named Insured herein defined as the person(s) or organization(s) stated in Item 1. of the Declarations;
2. any Predecessor Organization of the Named Insured;
3. any past or current principal, partner, officer, director, trustee, shareholder or employee of the Named Insured or its Predecessor Organization solely while acting on behalf of the Named Insured or its Predecessor Organization and within the scope of their duties as such;

*Id.* at 16.

### III. Analysis of the *Brillhart/Mhoon* Factors:

### A. The first and second *Mhoon* Factors weigh in favor of abstention.

The Court begins its analysis with the first and second *Mhoon* factors – whether a declaratory judgment would settle the action; and whether a declaratory action would serve a useful purpose in clarifying legal relations. Considering these factors together is appropriate because both factors are "designed to shed light on the overall question of whether the controversy would be better settled in state court." *U.S. v. City of Las Cruces*, 289 F.3d 1170, 1187. (10th Cir. 2002) (citing *Brillhart*, 316 U.S. at 495). Courts also consider "the degree of identity of the parties and issues in the concurrent proceedings" under these two factors. *Id.* at 1182.

Defendant argues that the first and second *Mhoon* factors weigh against abstention, likening this case to *Mhoon* and asserting that *Mhoon* militates against abstention. In *Mhoon*, Robert Mhoon shot Takuro Fujiwara after a dispute at Mhoon's home. 31 F.3d at 981. After the shooting, Fujiwara and his wife sued Mhoon in a civil action in state court. *Id.* State Farm insured Mhoon under a homeowner's policy, which covered accidental harms Mhoon might commit. *Id.* at 982. The policy, however, did not extend to intentional acts. *Id.* In the state court action, the court determined on summary judgment that no reasonable jury could conclude that Mhoon's conduct was accidental under the policy. *Id.* at 984.

While the state court action was ongoing, State Farm filed a declaratory action in federal court, seeking a declaration that it had no obligation to insure or defend Mhoon in the state civil court action. *Id.* at 982. The federal district court agreed to exercise jurisdiction over the action and found in favor of State Farm. *Id.*

Mhoon then appealed the federal district court's judgment to the Tenth Circuit, arguing that the district court abused its discretion when it exercised jurisdiction over State Farm's declaratory action. *Id.* The Tenth Circuit concluded that the district court did not abuse its discretion because "a live need for a declaration of State Farm's rights and duties did, in fact, exist." *Id.* at 984. The court emphasized the following facts in support of its conclusion: (i) State Farm was not a party to the state court action; (ii) neither party indicated that State Farm could be made a party to the state court action; (iii) and both parties conceded that State Farm's declaratory action "would have been required at some point in some case other than the state tort action." *Id.* The court further clarified that the district court's review of State Farm's declaratory action did not constitute undue interference with the underlying state court action. *Id.* This was because the district court simply reviewed the record to resolve the declaratory action, as the state

court already found that no reasonable juror could conclude that Mhoon's conduct was accidental. *Id.*

While the Court acknowledges that this case and the *Mhoon* case share some similarities, it disagrees that *Mhoon* militates against abstention. In *Mhoon*, the district court only had to review the state court record to resolve State Farm's coverage claims. In contrast, here, there are unresolved factual issues in the underlying state court action that implicate Plaintiff's coverage claims.

Plaintiff is eligible for coverage under the Evanston Policy if the following conditions are met: (i) Plaintiff acted as a Principal to Berger-Briggs; (ii) while Plaintiff acted as principal to Berger-Briggs, Berger-Briggs caused injury by providing or failing to provide professional services; (iii) all these events took place during the policy period. Thus, as pointed out by the Plaintiff, both this case and the underlying state court action involve factual issues concerning the agency relationship between Berger-Briggs and CSUPR, as well as the actions or omissions of Berger-Briggs. Moreover, in contrast to the facts in *Mhoon*, the state court has not resolved these factual issues in a manner that would enable the Court to adjudicate all CSUPR's claims solely through review of the record.

Defendant also overlooks remedies available in the present case that were not available in *Mhoon*, such as remand, consolidation, and even joinder. In *Mhoon*, both State Farm and Mhoon conceded that the State Farm coverage claims could not be adjudicated in the underlying state court action. However, in the case at bar, Plaintiff's coverage claims **can** be adjudicated in the underlying state court action via the above mentioned remedies. This issue, however, will be discussed in more detail under the fourth and fifth *Mhoon* factors.

Given the existence of unresolved factual issues in the underlying state court action that implicate Plaintiff's coverage claims, it is better in terms of efficiency and comity to refrain from reexamining the same facts here. Therefore, the first and second *Mhoon* factors weigh in favor of abstention.

    B.    <u>The third *Mhoon* factor weighs in favor of abstention.</u>

The Court moves now to the third *Mhoon* factor – whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata." For this factor to weigh in favor of abstention "some allegations of improper use of timing or procedure to manipulate the courts is required." *W. A. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1233 (D.N.M. 2018).

Plaintiff argues that Defendant's removal of the declaratory action to federal court was procedural fencing because Defendant removed the case just as Plaintiff planned to file a motion to consolidate, "thus frustrating complete relief of the defense and indemnification claims in one state court action." **Doc. 27 at 11.** The Court concurs. While Defendant's actions do not necessarily amount to bad faith, Defendant knew Plaintiff planned to file a motion to consolidate, failed to respond to Plaintiff's motion to consolidate with its position, and then removed the declaratory action to federal court before Plaintiff could file its motion. *See Runyon*, 53 F.3d at 1170 (confirming the district court's finding of procedural fencing when insurer filed a federal suit a day before insured intended to file a similar state court contract action). As a result, the third *Mhoon* factor weighs in favor of abstention.

    C.    <u>The fourth and fifth *Mhoon* factors weigh in favor of abstention.</u>

8

The Court continues to the final two *Mhoon* factors – whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective.

The Court finds that the state court is a more appropriate forum and has a legitimate interest in adjudicating Plaintiff's dispute with Defendant, an interest with which this Court will not interfere. Given that Plaintiff's coverage claims implicate New Mexico contract, agency, and tort law, the state court has a vested interest in deciding the issues and shaping the legal doctrines within the state. *See Bristol W. Ins. Co. v. Salas*, 469 F. Supp. 3d 1175, 1179 (D.N.M. 2020) (finding that the New Mexico state court had a vested interest in deciding an insurance-based contractual question rooted in New Mexico law).

Moreover, the state court is in the best position to resolve Plaintiff's coverage claims. It has already conducted discovery into Plaintiff and Berger-Briggs agency relationship as well as Mr. Wilson's claims against Berger-Briggs. And with all parties present, the state court can issue an order that effectively deals with the legal positions and conflicting interests of each party.

Defendant suggests that this Court should only resolve Plaintiff's defense claim, as it believes Plaintiff's indemnity claim is not ripe under New Mexico law until there is a judgement against the insured. **Doc. 21 at 14**. Defendant sees this as the best approach because the Court would only need to reference the Evanston Policy, the underlying complaint, and Defendant's knowledge at the time of tender to address Plaintiff's defense claim. However, separating Plaintiff's defense and indemnity claims is unnecessary. The state court can avoid piecemeal litigation and resolve both claims in a single proceeding using a common factual predicate.

Defendant also contends, drawing from *Mhoon*, that remand is not a more effective remedy because Defendant is not a party to the underlying action and Plaintiff has not alleged that

Defendant can or will be made a party to the suit. **Doc. 21 at 15**. In other words, Defendant argues that Plaintiff's coverage claims cannot be resolved in the underlying state court action. The Court, however, disagrees. There are various ways the state court can resolve Plaintiff's coverage claims within underlying state action. One such approach is to consolidate Plaintiff's declaratory action with Mr. Wilson's action. Plaintiff has already prepared a motion to consolidate these cases, and there is no indication from Defendant, nor any other reason to believe, that the state court will reject this motion. The state court can also join Defendant as a party in the underlying state court action, which was not an available remedy in *Mhoon*.[2] Thus, Defendant has failed to show that federal court would offer a more effective remedy than that attainable in state court.[3] Accordingly, the fourth and fifth *Mhoon* factors weigh in favor of abstention.

IV.     **Attorney's Fees and Costs:**

In Plaintiff's instant motion, it also requests attorney's fees and costs pursuant to § 1447(c). In *Martin v. Franklin Capital Corp.*, the Supreme Court clarified that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." 546 U.S. 132, 141 (2005). The Court finds that Defendant's removal was not objectively unreasonable. Instead, Defendant merely failed to

---

[2] In New Mexico, real estate brokers, like Berger-Briggs, are obliged to maintain errors and omissions insurance. *See* N.M. Code R. § 16.61.5.8. As established in *Rubio v. Bob Crow Chrysler*, "when insurance coverage is mandated by the Legislature, the only time an insurer cannot be joined as a party defendant is when the statute which requires the purchase of insurance negates the idea of such joinder." 145 F. Supp. 2d 1248, 1250 (D.N.M. 2001). Notably, § 16-61-5 does not impose any such restriction on joinder.

[3] The Court takes judicial notice that the Thirteenth Judicial District granted summary judgment in favor of CSUPR and CSU, dismissing Mr. Wilson's claims against them. This ruling further bolsters this Court's decision to abstain and remand this case because the Thirteenth Judicial District Court is in a far better position to decide the impact of its ruling in the underlying state court action on the claims and issues raised in in this case.

establish that federal jurisdiction is necessary when this case can be resolved in state court. As such, Plaintiff is not entitled to attorney's fees and costs.

**THEREFORE**, **THE COURT ORDERS THAT:**

1. Plaintiff's Motion to Remand [Doc. 11**]** is **GRANTED.**

2. This case is **REMANDED** to New Mexico's Thirteenth Judicial District Court**.**

3. Plaintiff's request for attorney's fees and costs is **DENIED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE